## HULL & KENNEDY v. CHRISTIAN et. al.   (No. 3201.)

(Court of Civil Appeals of Texas. Texarkana. April 1, 1926. Rehearing Denied April 8, 1926.)

I. Brokers ⊕⇒38(3)—Plaintiff's testimony, in suit against brokers for balance of proceeds of sale, that land was homestead, for which plaintiff was not willing to take amount received, held inadmissible under pleadings (Vernon's Sayles' Ann. Civ. St. 1914, art. 3787).

In suit for amount paid by defendant brokers to plaintiff's creditors without authority from proceeds of sale of plaintiff's land, admission of testimony that land was homestead, and that plaintiff was not willing to take amount received from defendants therefor on theory, not suggested by pleadings, that land was plaintiff's homestead, and proceeds exempt to them, under Vernon's Sayles' Ann. Civ. St. 1914, art. 3787, held erroneous.

2. Evidence ⊕⇒117—Plaintiff's testimony that land sold was her homestead, for which she was not willing to take amount received, held inadmissible, in absence of testimony that plaintiffs constituted family, within Const. art. 16, § 50.

In action against brokers for proceeds of sale paid to plaintiff's creditors without authority, plaintiff's testimony that land sold was her homestead, and that she was not willing to take amount received from defendants for it, held not admissible, in absence of evidence that plaintiffs constituted a "family," within Const. art. 16, § 50.

3. Trial ⊕⇒119—Argument as to money paid on plaintiffs' debts by defendants without authority constituting proceeds of homestead held objectionable, as referring to issue not presented by pleadings or proof and calculated to prejudice jury's minds against defendants.

In action against brokers for amount paid plaintiffs' creditors from proceeds of sale without authority, argument of plaintiffs' attorney, based on assumption that land sold was homestead, held objectionable, as referring to issue not presented by pleadings or proof and calculated to prejudice jury's minds against defendants.

4. Appeal and error ⊕⇒1060(1) — Argument without predicate, calculated to wrongfully prejudice jury against appellants, requires reversal of judgment and remand for new trial (rule 39 for district and county courts).

Under rule 39 for district and county courts, argument without predicate, calculated to wrongfully prejudice jury's minds against appellants, requires reversal of judgment and remand for new trial.

Appeal from District Court, Camp County; R. T. Wilkinson, Judge.

Action by Dessie Christian and others against Hull & Kennedy. Judgment for

plaintiffs, and defendants appeal. Reversed and remanded for new trial. ·

In 1920 Mrs. Dessie Devore, then Miss Dessie Christian, and her sister, Miss Georgia Christian, now Mrs. S. D. Fowler, and their brother, Morris Christian, appellees here, together owned and resided upon a tract of about 56 acres of land in Camp county. In November of said year said appellees arranged with appellants, W. M. Hull and W. A. Kennedy, partners. engaged in business as real estate brokers, to find some one willing to purchase and pay them $3,000 for said land. · Appellants found a man named Mattox who was willing to purchase and give a used automobile he owned and $2,000 in cash for the land. Appellees, having accepted Mattox's offer, executed and delivered a deed conveying the land to him, and he thereupon delivered the automobile to· them and paid $2,000 to appellants for them. Instead of deducting 5 per cent. thereof from the $2,000, which they were entitled to under their contract, and paying over the part remaining to appellees, appellants, after deducting said 5 per cent., paid $1,420.50 of the $2,000 to persons to whom· appellees were indebted, and then paid to appellees the $422.50 remaining. Appellees claimed that $1,395 of the $1,420.-50 paid out on their account by appellants was so paid without authority from them to do so, and that appellants therefore were liable to them as for a conversion of said $1,395. This suit by appellees against appellants was to recover said sum of $1,395, and also to· recover $900 ·which appellees claimed they were entitled to as damages they suffered, in that they were induced, they alleged, by false representations made to them by appellants as to the value of the automobile, to accept same at a valuation of $1,-000, whereas it was not worth exceeding $100. On special issues submitted to them the jury found that $1,108.91 of the $2,000 paid to appellants for appellees as stated was, without any authority whatever for doing so, paid by the former to the latter's creditors. Thereupon the court rendered judgment in appellees' favor for said sum of $1,-108.91. The appeal is from that judgment.

W. E. Kennedy and C. E. Bryson, of Pittsburg, for appellants.

C. G. Engledow, of Pittsburg, and Scott & Casey, of Marshall, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] At the trial, over appellants' objection thereto on the ground that it was immaterial and calculated to prejudice the minds of the jury against them, the court ·permitted Mrs. Devore, then Miss Dessie Christian, to testify that the 56 acres of land "was her homestead, and that she was not willing to take $450 for her homestead." We think the objection, should have been sustained and the testimony excluded. Accord-

ing to the pleadings of the parties, the rights of none of them depended in the least upon whether the land was appellees' homestead or not, nor upon whether they were willing to take $450 for the property or not.

[2] It is assumed from what appears in a bill of exceptions in the record that the testimony was admitted on a theory not suggested by the pleadings, to wit, that the land was the homestead of appellees, and that the proceeds thereof were exempt to them by force of article 3787, Vernon's Sayles' Ann. Civ. St. 1914. "It was a sharply contested question," said the court in explanation of his ruling, "as to whether the defendants were authorized by plaintiffs to pay out the proceeds of the land on the debt of plaintiffs—the defendants claiming this authority· from plaintiffs, and the plaintiffs denying it. This evidence was admitted on the question as to the probability of whether the authority was given or not." Whether, in view of the pleadings of the appellants, the testimony would have been admissible for the purpose indicated, had it appeared that the land was appellees' homestead within the meaning of the Constitution (section 50, art. 16) or not, need not be determined, for it did not appear from the testimony that appellees constituted a "family" within the meaning of said section of the Constitution, in that there was no testimony showing an obligation on the part of any one of them to support the others, nor a "corresponding state of dependence" for support of any of them on the others. Hutchenrider v. Smith (Tex. Civ. App.) 228 S. W. 989; Id. (Tex. Com. App.) 242 S. W. 204, and authorities there cited.

[3] It appears from a bill of exceptions in the record that one of appellants' attorneys, in closing the argument to the jury, spoke as follows:

"Gentlemen of the jury, how preposterous it is for Hull & Kennedy to come in here and try to prove that these plaintiffs told them to take the only money they had on earth between them and the poorhouse—this homestead money with which they wanted to buy them another home nearer town—and pay these debts with it. I am glad, gentlemen of the jury, that our forefathers in their wisdom saw fit in framing our Constitution to exempt the homestead of the family from forced sale and made it possible for families to live in their homes unmolested by sharks and money mongers. That, gentlemen, is the most sacred law on our statute books, and long may it live to throw at least a mantle of protection about innocent families like this one. No tribunal on earth, not even his honor (pointing to the court on the bench), with all his power, could have taken that homestead money away from these heirs (plaintiffs) to pay these debts and turned these heirs out of a home."

Appellants objected to the argument on the ground that it was with reference to an issue not presented by either the pleadings or the proof and was calculated to· prejudice

the minds of the jury against them, and complain here because the court overruled their objection.

[4] For reasons suggested in what has been said above in disposing of the other contention presented by the assignments in appellants' brief, we think the argument was subject to the objection urged to it and that the court erred when he ruled as he did. Whether the land was appellees' homestead or not, and whether the proceeds of the sale of the land was "homestead money" or not, within the meaning of the exemption laws, were not issues in the case. Therefore there was no predicate for the argument, and, as we think it was calculated to wrongfully prejudice the minds of the jury against appellants, we feel bound (rule 39 for the government of district and county courts; Prather v. McClelland [Tex. Civ. App.] 26 S. W. 657) to reverse the judgment and remand the cause to the court below for a new trial.

An order to that effect will be entered accordingly.